IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00535-BNB

ROBERT SLATER,

Applicant,

v.

KEVIN MILYARD, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 15 2010

GREGORY C. LANGHAM
CLERK

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND A MAGISTRATE JUDGE

---

Applicant, Robert Slater, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Sterling, Colorado, correctional facility. Mr. Slater filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions in Denver District Court case number 04CR1890. He has paid the $5.00 filing fee.

On March 12, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty-one days a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254 (b)(1)(A). On April 13, 2010, after being granted an extension of time, Respondents filed their pre-answer response. Mr. Slater did not file a reply to the pre-answer response, although he was given the opportunity to do so.

The Court must construe liberally Mr. Slater's filings because he is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied in part.

Mr. Slater was convicted by a jury in Denver District Court Case No. 04CR1890 of second-degree burglary and criminal mischief. The trial court adjudicated him as a habitual criminal based upon evidence of three prior felony convictions and sentenced him to concurrent terms of twenty-four years of imprisonment. On October 2, 2008, the Colorado Court of Appeals affirmed Mr. Slater's convictions. *See People v. Slater*, No. 06CA1363 (Colo. Ct. App. Oct. 2, 2008) (unpublished) (answer, ex. D). On March 9, 2009, the Colorado Supreme Court denied certiorari review. *See* answer, ex. F. Mr. Slater did not file any postconviction proceedings.

Mr. Slater filed the instant habeas corpus application on March 8, 2010. Respondents concede that the instant action is filed within the one-year limitation period in 28 U.S.C. § 2244(d). Therefore, because Respondents admit that the instant action was filed in a timely manner, the Court need not address further the one-year limitation period.

Mr. Slater asserts six claims. They are as follows:

> 1. The trial court erred in denying the challenge for cause with respect to five prospective jurors who expressed a bias in favor of testimony given by police officers where the jurors were not rehabilitated by the prosecution or the courts.

2. The trial court erred by instructing the jury that the damages element of criminal mischief was proven if the damaged real or personal property had an actual value.

3. The prosecution failed to establish the necessary foundation for the admission of documents used to establish damage for the criminal mischief offense, and the trial court erred by admitting the documents under the business records exception to the rule against hearsay.

4. By sentencing him beyond the ordinary statutory maximum under the habitual criminal statute, the trial court denied his constitutional right to a jury determination of every fact required for the sentence imposed. Further, the prior conviction exception announced in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), does not apply since Colorado's habitual criminal sentencing scheme requires several findings of fact in addition to the fact of a prior conviction before a habitual criminal sentence can be imposed. Finally, the prior conviction exception to the rule announced in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is constitutionally indefensible.

5. The trial court erred by admitting documents purporting to establish two prior felony convictions during his habitual criminal trial because the prosecution failed to authenticate the documents properly.

6. The trial court abused its discretion by overruling his objection to the prosecution's proffer of a fingerprint witness as an expert in the field of fingerprint analysis and comparison.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Claim One

Mr. Slater contends that the trial court erred in denying the challenge for cause with respect to five prospective jurors who expressed a bias in favor of testimony given

4

by police officers and who were never rehabilitated by the prosecution or the court. He specifically argued in his opening brief to the Colorado Court of Appeals that "[d]efense counsel exhausted his peremptory challenges, using three of his peremptory challenges against prospective jurors whom he had unsuccessfully challenged for cause." *See* answer, ex. B at 7. He also argued that, under *People v. Macrander*, 828 P.2d 234, 244 (Colo. 1992), an erroneous denial of a for-cause challenge requires reversal when the defendant uses a peremptory challenge to remove the suspect juror and then exhausts all available peremptory challenges. *See* answer, ex. B at 8-10. The *Macrander* rationale is that, although the jury ultimately sitting is fair because the allegedly unacceptable juror has been removed, the use of a peremptory strike on that juror leaves the defendant with one less peremptory strike than he otherwise would have had. *Macrander* held that this loss of a peremptory challenge affects the defendant's "substantial right" to shape the ultimate composition of the jury that will hear his case. *Id.* at 244.

Respondents argue that Mr. Slater's first claim is not cognizable on habeas corpus review. They contend the right to peremptory challenges is not of federal constitutional dimension; rather, the right is determined by procedural rules. *United States v. Martinez-Salazar*, 528 U.S. 304, 311 (2000); *see also Rivera v. Illinois*, 129 S. Ct. 1446, 1450 (2009) (states may withhold peremptory challenges without violating the right to a fair trial by an impartial jury). They further contend that, so long as the jury that ultimately sits is impartial, neither the defendant's Sixth Amendment right to an

5

impartial jury nor his Fourteenth Amendment right to due process has been violated. *See Ross v. Oklahoma*, 487 U.S. 81 (1988). The Court agrees.

In *Martinez-Salazar*, the Supreme Court held that "a defendant's exercise of peremptory challenges pursuant to Rule 24(b) [of the Federal Rules of Criminal Procedure] is not denied or impaired when the defendant chooses to use a peremptory challenge to remove a juror who should have been excused for cause" because the defendant "received precisely what federal law provided." *Id.*. at 317. Rule 24(d) of the Colorado Rules of Criminal Procedure is similar to Fed. R. Crim. P. 24(b). Thus, when the jury is fair, there is no constitutional violation, and further, nothing in the trial's framework has been so distorted as to "necessarily render [it] fundamentally unfair or an unreliable vehicle for determining guilt or innocence." *Rivera*, 129 S. Ct. at 1455 (quotations omitted). Because Mr. Slater does not claim that the jurors were actually biased, claim one fails to state adequately a constitutional violation and is not cognizable in the instant habeas corpus action.

### Claims Two and Six

Respondents contend that Mr. Slater has exhausted claims two and six. The Court agrees. Claim two, alleging trial court error in instructing the jury that the damages element of criminal mischief was proven if the damaged real or personal property had an actual value, was raised as a federal constitutional claim in the Colorado Court of Appeals, *see* answer, ex. B (opening brief) at 13, and in the Colorado Supreme Court. *See* answer, ex. E (petition for writ of certiorari) at 6-7. Therefore, the second claim is exhausted.

In claim six, Mr. Slater argues that the trial court abused its discretion by overruling his objection to the prosecution's proffer of a fingerprint witness as an expert in the field of fingerprint analysis and comparison. In his opening brief in the Colorado Court of Appeals, Mr. Slater argued:

> A trial court's failure to properly analyze a defendant's objection to the admission of expert opinion testimony can result in a deprivation of his due process right to a fair trial, as secured by the state and federal constitutions. *See* U.S. CONST. amends. V, IV; COLO. CONST. art. II, § 25; *see also Delaware v. Fensterer*, 417 [sic] U.S. 15, 23 (1985) (per curiam).

*See* answer, ex. B at 41.

Respondents argue that Mr. Slater's brief reference to broad federal rights, without also alerting the state courts to the particular analysis developed by the United States Supreme Court for a specific violation, was insufficient to present fairly a federal constitutional question to the state courts. They concede, however, that Mr. Slater's citation to **Delaware v. Fensterer**, 474 U.S. 15 (1985), in which the Supreme Court questioned whether a defendant's right to due process was violated when the basis for the prosecution's expert testimony could not definitely be ascertained, was sufficient to alert the state court to the substance of his federal claim. Therefore, the Court finds that the sixth claim is exhausted.

### Claims Three and Four

In his third claim, Mr. Slater alleges that the prosecution failed to establish the necessary foundation for the admission of documents used to establish damage for the criminal mischief offense, and the trial court erred by admitting the documents under the business records exception to the rule against hearsay. In his habeas corpus

7

application, he asserts this argument as a violation of the Confrontation Clause. He presented the Confrontation Clause argument in his opening brief to the Colorado Court of Appeals, *see* answer, ex. B at 22, but failed to present the claim to the Colorado Supreme Court in his petition for writ of certiorari. *See* answer, ex. E.

Respondents contend that Mr. Slater's failure to raise his third claim as a federal constitutional issue before the Colorado Supreme Court means he failed to exhaust his third claim. The Court does not agree that Applicant's failure to raise his third claim in the Colorado Supreme Court after it was presented fairly to the Colorado Court of Appeals means this claim is unexhausted.

As previously stated, in order to exhaust state remedies a claim must be presented to the state's highest court if review in that court is available. *See O'Sullivan*, 526 U.S. at 845. However, "there is nothing in the exhaustion doctrine requiring federal courts to ignore a state law or rule providing that a given procedure is not available." *Id.* at 847-48. Therefore, if a state articulates that a certain avenue for relief is not part of its standard appellate review process, it is not necessary for a defendant to pursue that avenue in order to exhaust state remedies. *See id.*

The State of Colorado has articulated that review in the Colorado Supreme Court is not part of the standard state appellate review process. More specifically, the Colorado Appellate Rules provide that:

> In all appeals from criminal convictions or postconviction relief matters from or after July 1, 1974, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when a claim has been

> presented to the Court of Appeals or Supreme Court, and
> relief has been denied, the litigant shall be deemed to have
> exhausted all available state remedies.

Colo. App. R. 51.1. Therefore, the Court finds that review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals.

Furthermore, the Court's conclusion is supported by the fact that four circuit courts have determined that state rules similar to Colo. App. R. 51.1 eliminate the need to seek review in the state's highest court in order to satisfy the exhaustion requirement. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004); *Adams v. Holland*, 330 F.3d 398, 401-03 (6th Cir. 2003); *Randolph v. Kemna*, 276 F.3d 401, 404-05 (8th Cir. 2002); *Swoopes v. Sublett*, 196 F.3d 1008, 1009-10 (9th Cir. 1999). The Court agrees with the analyses in these cases and other courts in the District of Colorado, *see, e.g.*, *Krogstad v. Leyba*, No. 07-cv-01074-PAB, KMT, 2010 WL 420043, at *5 (D. Colo. Feb. 1, 2010) (unpublished), and rejects Respondents' argument that Applicant failed to exhaust his third claim because it was not raised in the Colorado Supreme Court in a petition for writ of certiorari after the claim was presented fairly to the Colorado Court of Appeals. Therefore, the Court finds that the third claim is exhausted.

In claim four, Mr. Slater asserts that (1) by sentencing him beyond the ordinary statutory maximum under the habitual criminal statute, the trial court denied his constitutional right to a jury determination of every fact required for the sentence imposed; (2) the prior conviction exception announced in *Almendarez-Torres* does not apply since Colorado's habitual criminal sentencing scheme requires several findings of

fact, in addition to the fact of a prior conviction, before an habitual criminal sentence can be imposed; and (3) the prior conviction exception announced in *Blakely* and *Apprendi* is constitutionally indefensible.

Mr. Slater raised these issues on direct appeal in the Colorado Court of Appeals. *See* answer, ex. B (opening brief) at 23-26, 29. Respondents contend that he also presented the issues in his certiorari petition to the Colorado Supreme Court. The Court finds that he only presented a portion of claim four, *i.e.*, a condensed version of the second issue, in his certiorari petition to the Colorado Supreme Court. *See* answer, ex. E at 10-11. However, for the reasons stated above, review in the Colorado Supreme Court is not required to exhaust state remedies if the claim in question was presented fairly to, and relief was denied by, the Colorado Court of Appeals. Because claim four was presented fairly to, and relief was denied by, the Colorado Court of Appeals, the Court finds the fourth claim to be exhausted.

Claim Five

Mr. Slater asserts that the trial court erred by admitting documents purporting to establish two prior felony convictions during his habitual criminal trial because the prosecution failed to authenticate the documents properly. Respondents contend that Mr. Slater failed exhaust this claim. For the reasons stated below, the Court agrees with Respondents.

Although Mr. Slater cites to *Koon v. United States*, 518 U.S. 81, 100 (1996), for the broad proposition that "[a] district court by definition abuses its discretion when it makes an error of law," *see* answer, ex. B (opening brief) at 31, this brief reference to a

federal case does not present sufficiently the "substance of a federal habeas corpus claim" to satisfy the fair presentation requirement. *See Picard*, 404 U.S. at 278; *see also Nichols*, 867 F.2d at 1252. Mr. Slater did not present claim five fairly as a federal constitutional question, relying instead upon Colorado evidence rules and case law when he presented the claim to the Colorado Court of Appeals. *See* answer, ex. B (opening brief) at 31-37. He failed to raise the claim in his petition for writ of certiorari to the Colorado Supreme Court. *See* answer, ex. E. A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan*, 513 U.S. at 365-66. Therefore, Mr. Slater failed to exhaust claim five.

Although Mr. Slater failed to exhaust state court remedies for his fifth claim, the Court may not dismiss this claim for failure to exhaust state remedies if Mr. Slater no longer has an adequate and effective state remedy available to him. *See Castille*, 489 U.S. at 351. No further state court remedy exists because any future claim would be denied as successive under Colo. R. Crim. P. 35(c)(3) because it was or could have been presented in an appeal or postconviction proceeding previously brought. *See* Colo. R. Crim. P. 35(c)(3)(VI) and (VII); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously). Therefore, the Court finds that the fifth claim Mr. Slater failed to exhaust is procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental

miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Slater's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Slater must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Salazar*, 323 F.3d 852, 855 (10th Cir. 2003). A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To demonstrate a fundamental miscarriage of justice, Mr. Slater first must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.* Mr. Slater then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

Mr. Slater fails to argue any basis for a finding of cause and prejudice or a fundamental miscarriage of justice in this action. Therefore, because Mr. Slater has

failed to demonstrate cause and prejudice or a fundamental miscarriage of justice, the Court finds that the fifth claim that Mr. Slater failed to exhaust is procedurally barred and must be dismissed. Accordingly, it is

ORDERED that claim one is dismissed as not cognizable in a habeas corpus action. It is

FURTHER ORDERED that claim five is dismissed as procedurally barred. It is

FURTHER ORDERED that exhausted claims two, three, four, and six and the case are drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __15th__ day of __July__, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00535-BNB

Robert Slater
Prisoner No. 43961
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/15/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk