**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 10-cv-00535-REB

ROBERT SLATER,

     Applicant,

v.

KEVIN MILYARD, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

     Respondents.

---

## ORDER ON APPLICATION FOR A WRIT OF HABEAS CORPUS

---

**Blackburn, J.**

     This matter is before me on the **Application for a Writ of Habeas Corpus**

**Pursuant to 28 U.S.C. § 2254** ("Application") [#1][1] filed March 8, 2010, by the

Applicant, Robert Slater.  Respondents answered the Application [#16], and Applicant

filed a traverse [#17].  As Applicant is proceeding *pro se,* I must construe his pleadings

liberally and hold him to a "less stringent standard." *Hall v. Bellmon,* 935 F.2d 1106,

1110 (10th Cir.1991) (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)).   After

reviewing the pertinent portions of the record in this case including the Application, the

answer, the traverse, and the state court record, I conclude that the Application should

be denied.

---

[1] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

## I.   Background

The Colorado Court of Appeals summarized the facts of Applicant's conviction as

follows:

> Responding to a silent burglar alarm, police apprehended defendant
> wearing a ski mask and climbing over a fence that enclosed the grounds
> of the Fraternal Order of Eagles Lodge.  Various burglary tools were found
> outside the Lodge, and a door to, and an alarm inside, the building had
> been damaged.
>
> The jury found defendant guilty of second degree burglary and criminal
> mischief.  The trial court adjudicated him as a habitual criminal based on
> evidence of three prior felony convictions and sentenced him to concurrent
> terms of twenty-four years imprisonment.

*People v. Slater*, 06CA1363 at 1 (Colo. App. Oct. 2, 2008) (unpublished opinion) (Pre-

Answer Resp. at Ex. D).

After the Colorado Court of Appeals affirmed his conviction on October 2, 2008,

Applicant petitioned for certiorari review, which the Colorado Supreme Court denied on

March 9, 2009.

On March 8, 2010, Applicant filed an application for a writ of habeas corpus in

this Court, asserting five claims for relief: (1) that the trial court erred in denying his

challenge for cause with respect to five prospective jurors; (2) that the trial court erred

by instructing the jury that the damages element of criminal mischief was proven if the

damaged real or personal property had an actual value; (3) that the trial court erred by

admitting without proper foundation documents used to establish damage for the charge

of criminal mischief; (4) that the trial court erred when it sentenced him beyond the

ordinary statutory maximum by way of the habitual criminal statute; (5) that the trial

court erred by admitting documents purporting to establish two prior felony convictions

during the habitual criminal trial because the prosecution failed to properly authenticate the documents; and (6) that the trial court abused its discretion by overruling Applicant's objection to the prosecution's proffer of a fingerprint witness as an expert in the field of fingerprint analysis and comparison.

On March 12, 2010, Magistrate Judge Boyd N. Boland ordered the Respondents to file a pre-answer response limited to addressing the issues of timeliness and/or exhaustion of state court remedies.  After receiving an extension of time, Respondents filed their pre-answer response on April 13, 2010.  In the pre-answer response, Respondents argued that Applicant had failed to exhaust several of his claims in the state court, and that these claims were procedurally defaulted.  Applicant did not file a reply to the pre-answer response within the time provided.

On July 15, 2010, Senior Judge Weinshienk entered an order dismissing Applicant's first claim because it was not cognizable in a habeas action, and his fifth claim as procedurally defaulted.  Nonetheless, finding that Applicant's remaining claims (Claims Two, Three, Four and Six) had been exhausted in the state courts, she ordered the claims drawn to a district judge and to a magistrate judge.

## II.    Legal Standard

In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court.  *See Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). "When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254 it must decide whether the Applicant is in custody in violation of the Constitution or laws or treaties of the United States.  The court does not review a

judgment, but the lawfulness of the Applicant's custody *simpliciter*." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (internal quotations and citations omitted).  The exhaustion of state remedies requirement in federal habeas cases dictates that a state prisoner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Accordingly, based on denial of certiorari review by the Colorado Supreme Court in Applicant's case, habeas review in this Court is concerned with the proceeding in the Colorado Court of Appeals, which was the final substantive proceeding in the state appellate review process.

Because the Application was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), that statute governs the Court's review. *Cannon v. Mullin,* 383 F.3d 1152, 1158 (10th Cir. 2004) (citing *Rogers v. Gibson,* 173 F.3d 1278, 1282 n. 1 (10th Cir.1999)).  Under AEDPA, a district court may only consider a habeas petition when the Applicant argues that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  The grounds for granting a writ of habeas corpus are very limited: "a writ of habeas corpus . . . shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(1)-(2); *see also Hale v. Gibson*, 227 F.3d 1298, 1309 (10th Cir. 2000) (citation

omitted).

A state court decision is "contrary to" clearly established Federal law if it "'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a different result from [Supreme Court] precedent.'" *Price v. Vincent,* 538 U.S. 634, 640 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000)).   A state court decision involves an "unreasonable application" of clearly established Federal law when "'the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the Applicant's case.'" *Lockyer v. Andrade,* 538 U.S. 63, 75 (2005) (quoting *Williams,* 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous . . . . The state court's application of clearly established law must be objectively unreasonable." *Id.* (citing *Williams,* 529 U.S. at 409-10, 412).   A "'federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'" *Id.* (quoting *Williams,* 529 U.S. at 411). Finally, when analyzing a petition, all determinations of factual issues by the state court are presumed to be correct, and the Applicant has the "burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).   "[W]hether a state court's decision was unreasonable must be assessed in light of the record [the state court] had before it." *Holland v. Jackson*, 542 U.S. 649, 651-52 (2004) (*per curiam*) (citations omitted).

**III.    Discussion**

Claims Two, Three, Four and Six are the claims remaining at issue in this action.

**A.    Claim Two**

In his second claim, Applicant asserts that the trial court erred "by instructing the jury that the 'damages' element of criminal mischief was proven if the 'damaged real or personal property had an actual value.'" Application at 6.

In addressing this claim, the appellate court concluded:

The applicable version of the criminal mischief statute, ch. 322, sec. 7, §18-4-501(1), 2002 Colo. Sess. Laws 1581, provided that a person commits a class 4 felony when the person "knowingly damages the real or personal property of one or more other persons" and the aggregate damage to the property was "five hundred dollars or more but less than fifteen hundred dollars."

The trial court instructed the jury on the elements of criminal mischief:
1.    That the defendant
2.    in the City and County of Denver, State of Colorado, on or about April 19, 2004,
3.    knowingly damaged the real or personal property of the Fraternal Order of Eagles . . . and
4.    *the damaged real or personal property had an actual value.*
(Emphasis added).

The trial court also gave the jury an interrogatory, to be completed only if the jury "[found] the defendant guilty of Criminal Mischief."  As relevant here, the interrogatory stated:

*What was the actual value of the damaged real or personal property?*
a. [] Less than $100
b. [] $100 or more, but less than $500
c. [] $500 or more, but less than $15,000
It is the prosecution's burden to prove beyond a reasonable doubt the actual value of the damaged real or personal property.
(Emphasis added.)

Defendant correctly asserts on appeal that the offense of criminal

mischief "does not depend on the value of the property on which the defendant inflicts damages," but rather "is defined by the aggregated damage caused to the property."  According to him, the jury could have found him guilty of class 4 felony criminal mischief because it determined the value of the building itself was sufficient to satisfy the elements of the offense.

Defendant did not object to the court's instruction or to the interrogatory.  Consequently, reversal is not warranted absent a showing of plain error.  *People v. Miller*, 113 P.3d 743, 748 (Colo. 2005).

Plain error is error that "so undermine[s] the fundamental fairness of the trial itself . . . as to cast serious doubt on the reliability of the judgment of conviction."  *Id.* at 750 (quoting *People v. Sepulveda*, 65 P.3d 1002, 1006 (Colo. 2003)).  In the instructional context, the plain error standard requires a defendant to "demonstrate not only that the instruction affected a substantial right, but also that the record reveals a reasonable possibility that the error contributed to his conviction."  *Id.* (quoting *People v. Garcia*, 28 P.3d 340, 344 (Colo. 2001)).

Here, we perceive no plain error.

At trial, there was no evidence presented concerning the "actual value" of the Lodge building.  Instead, the prosecution presented only evidence that the Lodge paid an insurance deductible of $500 and incurred bills totaling $605.39, to repair the door and the alarm.  During closing argument, the prosecutor mentioned only the repairs to the door and the alarm as the bases for the criminal mischief charge and the interrogatory.  And, during closing argument, defense counsel stated, "The People have to prove the amount of damage beyond a reasonable doubt just like any other element of the crime," and "if any of those estimates [for the door and alarm] are just a fraction off, then the People have not proved there was over $500 worth of damage to the Eagles Club."

Because both the evidentiary posture of the case, and the parties' arguments were directed to the question of the damage to, rather than the underlying actual value of, the building, we are confident that there is no reasonable possibility that the instructional error here mislead the jury and contributed to the defendant's conviction.  *See Miller*, 113 P.3d at 750.

*People v. Slater*, 06CA1363 at 6-9.

"[N]ot every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation."  *Middleton v. McNeil*, 541 U.S. 433, 437 (2004).

Instead, an error in a trial proceeding must be one that implicates "fundamental fairness" in order to constitute a constitutional violation.  *Estelle*, 502 U.S. at 73; *see also Calderon v. Coleman*, 525 U.S. 141, 145 (1998) ("a federal court may grant habeas relief based on trial error only when that error 'had substantial and injurious effect or influence in determining the jury's verdict'" (citation omitted)).  In the context of jury instructions, fundamental fairness requires that a criminal defendant be provided a meaningful opportunity to present a complete defense, and incorrect jury instructions may divest a defendant of this opportunity.  *See Mathews v. United States*, 485 U.S. 58, 63 (1988); *see also Bradley v. Duncan*, 315 F.3d 1091, 1096 (9th Cir. 2002) (finding that a court's failure "to correctly instruct the jury on [a] defense may deprive the defendant of his due process right to present a defense.").  However, federal habeas relief is available only when "'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'" *Estelle*, 502 U.S. at 71 (quoting *Cupp*, 414 U.S. at 147).  As such, "[a] § 2254 petitioner has a heavy burden in attempting to set aside a state conviction based on an erroneous jury instruction." *Nguyen v. Reynolds*, 131 F.3d 1340, 1357 (10th Cir. 1997).  The improper instruction "may not be judged in artificial isolation," *id.* (quotation omitted), but must be considered "in the context of the instructions as a whole and the trial record." *Estelle*, 502 U.S. at 72.

"Unlike such defects as the complete deprivation of counsel or trial before a biased judge, an instruction that omits an element of the offense does not *necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." *Neder v. United States*, 527 U.S. 1, 8 (1999).  Therefore, if the trial court

8

committed constitutional error, the habeas court must then consider whether the error is harmless under the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993); see *also Neder*, 527 U.S. at 8 (holding that a jury instruction that mis-describes an element of an offense is subject to harmless error review); *Scoggin v. Kaiser*, 186 F.3d 1203, 1207 (10th Cir. 1999) (recognizing that "[a] misstatement of an element in jury instructions is subject to harmless error analysis on habeas review."). Under the *Brecht* standard, the habeas court must determine whether, in light of the record as a whole, the error had a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht,* 507 U.S. at 637.

Here, the Colorado Court of Appeals found that the state trial court's criminal mischief instruction failed to include all of the essential elements under the 2002 statute, because the instruction directed the jury to consider whether the damaged property had "actual value" instead of whether the aggregate damage to the property was "five hundred dollars or more but less than fifteen hundred dollars." *People v. Slater*, 06CA1363 at 6-9. However, the appellate court determined that the improper criminal mischief instruction was not "plain error" because it did not "so undermine the fundamental fairness of the trial itself . . . as to cast serious doubt on the reliability of

the judgment of conviction." *Id.* Therefore, I must also determine whether the trial court's improper instruction is harmless under the *Brecht* standard.

Having reviewed the closing arguments, I agree that the evidence presented to the jury focused on the correct elements of the crime of criminal mischief under Colorado law. That is, instead of focusing on the actual value of the building, the

defense and prosecution emphasized the actual cost of the aggregate damage to the property.  The prosecutor informed the jury that repairs to a door in the amount of $322.50, and repairs to an alarm in the amount of $283.00, were made by the Eagle Lodge.  Trial Court Transcript, Vol. 14, p. 82-83.  He also discussed the fact that the Eagle Lodge paid a $500.00 deductible to the insurance company.  *Id.*  Likewise, defense counsel discussed the repairs to the door and the alarm.  He concluded by arguing that, "the People have not proved that there was over $500 worth of damage to the Eagles club.  This is crucial.  The People have to prove the amount of damage beyond a reasonable doubt just like any other element of the crime."  *Id.* at 89.  Neither the prosecutor nor defense counsel discussed the actual value of the building.

Moreover, upon review of the entire record, I find that the evidence against Applicant in this case was strong.  *See Vernon v. Williams*, 208 F.3d 228 (10th Cir. 2000) (Table) (directing habeas court to consider "significant evidence of guilt" on harmless error review of improper jury instruction).  This evidence included, *inter alia*, testimony from the police officer who arrived at the Eagle Lodge to find Applicant climbing over the top of a fence wearing a ski mask and dark clothing.  Trial Court Transcript, Vol. 13, p. 168.  Applicant had wire cutters, a pocket knife and a flashlight in his possession at the time of his arrest.  *Id.* at 172.  A second police officer later discovered a broken door and alarm, a crowbar, a hammer, and a bag full of other tools in close proximity to where Applicant was arrested.  *Id.* at 193.  Considering all of the above, I find that the trial court's failure to properly instruct on the elements of criminal mischief did not have a "substantial and injurious effect or influence in determining the jury's verdict."  *Brecht,* 507 U.S. at 637.

Therefore, after reviewing the record, I find that the conclusion of the Colorado Court of Appeals is not an unreasonable application of Supreme Court precedent, nor an unreasonable determination in light of the facts presented.  Thus, Applicant is not entitled to habeas relief on this claim.

### B.    Claim Three

In his third claim, Applicant argues that the prosecution failed to establish the necessary foundation for the admission of documents used to establish the damage for the charge of criminal mischief.  Application at 6.  Therefore, Applicant asserts that the trial court erred by admitting the documents under the business records exception to hearsay.  *Id.*

In addressing this claim, the appellate court concluded:

> Defendant contends that, because two report invoices totaling $605.09 had no proper foundation, their admission as business records was error.  Thus, he asserts, there was no evidence that the value of the damage to the Lodge's building was $500 or more, and therefore, his conviction for criminal mischief must be reversed.  We do not agree.

> A Lodge trustee testified that the Lodge had made insurance claims for the damage alarm and door and had paid a total deductable [sic] of $500 on those claims.  Because this evidence alone was sufficient

> to establish the requisite dollar amount of the damage, we need not determine whether admission of the receipts was error.

*People v. Slater*, 06CA1363 at 9-10.

Federal courts do not grant habeas relief for errors of state law.  *See Estelle*, 502 U.S. at 67.  This is because "[f]ederal habeas review is not available to correct state law evidentiary errors; rather it is limited to violations of constitutional rights."  *Thornburg v. Mullin*, 422 F.3d 1113, 1128-29 (10th Cir. 2005).  As such, Applicant's constitutional

challenge to the admission of this evidence is governed by the general principle that "the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief" only when "evidence is introduced that is so unduly prejudicial that it renders the trial fundamentally unfair . . . ." *Payne v. Tennessee*, 501 U.S. 808, 825 (1991). "Inquiry into fundamental fairness requires examination of the entire proceedings." *Le v. Mullin*, 311 F.3d 1002, 1013 (10th Cir. 2002) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974) (citation omitted)). Further, "because a fundamental fairness analysis is not subject to clearly definable legal elements, when engaged in such an endeavor a federal court must tread gingerly and exercise considerable self restraint." *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002) (internal quotation marks omitted). In conducting its fundamental fairness analysis, the habeas court is not to "second guess a state court's application or interpretation of state law . . . unless such application or interpretation violates federal law." *Bowser v. Boggs*, 20 F.3d 1060, 1065 (10th Cir. 1994).

In this case, Applicant has not demonstrated that the evidentiary ruling of the trial court admitting the business receipts rendered his trial, as a whole, fundamentally unfair. Eugene Abeyta, a member of the Board of Trustees for the Eagle Lodge, testified on behalf of the People on February 21, 2006. Mr. Abeyta testified that the Eagle Lodge made insurance claims for damage done to a door and an alarm. *See* Trial Court Transcript, Vol. 13, p. 223-24. He also testified that the Eagle Lodge paid an insurance deductible in the amount of $500.00. *Id.* at 225. Defendant did not object to this testimony. *Id.* Like the appellate court, I find that this evidence, by itself, is sufficient to permit the jury to find that the elements of criminal mischief were satisfied.

12

*See* Colo. Rev. Stat. § 18-4-501(1) (2002) (providing that a person commits the class 4 felony of the crime of criminal mischief when the person "knowingly damages the real or personal property of one or more other persons" and the aggregate damage to the property was "five hundred dollars or more but less than fifteen hundred dollars.").

Therefore, even assuming that the receipts were admitted without proper authentication as business records, Applicant has not demonstrated that evidence was "so unduly prejudicial" that it rendered his trial fundamentally unfair. *Payne*, 501 U.S. at 825. The rejection by the appellate court of Applicant's argument was neither contrary to, nor an unreasonable application of, United States Supreme Court precedent. Thus, Applicant is not entitled to habeas relief on this claim either.

### C.    Claim Four

In his fourth claim, Applicant asserts that the trial court erred because the fact of his habitual offender convictions were not proven to a jury beyond a reasonable doubt. Applicant argues that, thus,  his sentence is unconstitutional under the standards set forth by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). Application at 10.

First, I note that the applicability and continued vitality of Supreme Court precedent is a pure question of law. *See, e.g., United States v. Barbosa*, 271 F.3d 438, 452 (3rd Cir. 2001); *United States v. Rogers*, 228 F.3d 1318, 1321 (11th Cir. 2000), *abrogated on other grounds by United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001). As such, the Application may be granted in this case only if the adjudication of Applicant's claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the

13

Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1). Because the claim asserted by Applicant is purely a question of law, there is no basis for analysis of whether the decision of the state court was an unreasonable determination of the facts in light of the evidence presented pursuant to 28 U.S.C. § 2254(d)(2).

The primary holding of *Apprendi* was that "*[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi*, 530 U.S. at 490 (emphasis provided); *see also Jones v. United States*, 526 U.S. 227, 249 (1999) (recognizing that "unlike virtually any other consideration used to enlarge the possible penalty for an offense . . . a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees"). In *Blakely*, the Supreme Court clarified "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 296. Therefore, under these Supreme Court holdings, it is permissible for a state court trial judge to make a factual finding that a defendant has been previously convicted. *See Apprendi*, 530 U.S. at 490.

The Colorado Court of Appeals rejected Applicant's *Apprendi/Blakely* claim because Applicant's sentence was enhanced as a result of his prior convictions. *See People v. Slater*, 03CA1307 at 10. This conclusion is neither contrary to nor an unreasonable application of federal law, which explicitly excludes the fact of a prior conviction from the rule in *Apprendi*. *See Apprendi*, 530 U.S. at 490; *see also United States v. Moore*, 401 F.3d 1220, 1225 (10th Cir. 2005) (holding that *Apprendi*'s exception for prior convictions

subsumes inquiries into subsidiary issues, such as whether a given conviction constitutes a "violent felony"); *see also United States v. Burgin*, 388 F.3d 177 (6th Cir. 2004) (whether defendant's prior convictions exist and were committed on separate occasions comes within *Apprendi's* exception for a prior conviction). Therefore, Applicant's fourth claim lacks merit, and Applicant is not entitled to federal habeas relief on this claim.

      **D.**     **Claim Six**

In his sixth claim, Applicant asserts that the trial court abused its discretion by overruling his objection "to the prosecution's proffer of their fingerprint witness as an expert in the field of fingerprint analysis and comparison." Application at 10.

In addressing this claim, the appellate court summarily concluded that the trial court had not abused its discretion:

> by admitting, as expert evidence, the testimony of a witness who had (1) taken a forty-hour instructional class on fingerprinting at the beginning of her career; (2) been employed as a fingerprint technician with the Denver Police Department for thirteen years; (3) conducted approximately 100 fingerprint comparisons a day, totaling several thousand comparisons over the course of her career; and (4) previously been qualified in other criminal trial as an expert witness. *See Meir v. McCoy*, 119 P.3d 519, 521 (Colo. App. 2004).

*People v. Slater*, 06CA1363 at 11-12.

To perseverate, "[f]ederal habeas review is not available to correct state law evidentiary errors; rather it is limited to violations of constitutional rights." *Smallwood v. Gibson*, 191 F.3d 1257, 1275 (10th Cir. 1999) (citing *Estelle*, 502 U.S. at 67-68). "We may not provide habeas corpus relief on the basis of state court evidentiary rulings unless they rendered the trial so fundamentally unfair that a denial of constitutional rights resulted." *Duckett*, 306 F.3d at 999 (internal quotation marks omitted).

In this case, during the habitual criminal phase of Applicant's trial, the prosecution

called Andrea McKeever, a fingerprint identification technician, as an expert in the area of fingerprint analysis and comparison. *See* Trial Court Transcript, Vol. 15, p. 10. As set forth above by the appellate court, Ms. McKeever testified about the education and training she had received in the field of fingerprint identification, as well as the fact that she had testified in many other cases. *See* Trial Court Transcript, Vol. 15, p. 8-9. The trial court ruled that Ms. McKeever's testimony was admissible pursuant to Colorado Rule of Evidence 702, which requires the trial court to determine whether "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue . . . ." CRE 702. The qualification of an expert is a factual issue for purposes of federal habeas review. *See Bradshaw v. Richey*, 546 U.S. 74, 79 (2005) (*per curiam*). Therefore, Applicant must rebut the factual finding of the state court that Ms. McKeever was qualified to testify as a fingerprint expert by clear and convincing evidence. *See* 28 U.S.C. § 2254 (e)(1).

Applicant objects to the admission of Ms. McKeever's testimony on the grounds that "no independent expert checked the accuracy of her comparisons," that she "had no certification or license to perform fingerprint analysis," and that she "was not a member of any scientific organizations or subsections of organizations in her field." Application at 33. However, Applicant cites no Supreme Court authority that requires that a fingerprint expert posses these qualifications. Neither does he cite any authority which would prohibit the admission of this testimony. Considering the expert's testimony as to her training and experience in fingerprint identification, I conclude that the trial court could reasonably find that Ms. McKeever was qualified to testify as an expert in the area of fingerprint identification. Applicant has failed to present any clear and convincing evidence to rebut

16

the state court's factual finding.  *See* 28 U.S.C. § 2254 (e)(1).  Therefore, Applicant has not shown that his trial was rendered fundamentally unfair by the use of a fingerprint expert. *See Duckett*, 306 F.3d at 999.

The rejection by the appellate court of Applicant's argument on this matter was neither contrary to, nor an unreasonable application of, United States Supreme Court precedent.  Applicant is not entitled to habeas relief on this claim.

## IV.    Orders

**THEREFORE, IT IS ORDERED** as follows:

1.    That **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** [#1] filed March 8, 2010, by the Applicant, Robert Slater, is denied;

2.    That no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right; and

3.    That this case is **DISMISSED WITH PREJUDICE**.

Dated May 23, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge